UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

RICHARD A. SYLVESTER and
DAVID BESS

    Plaintiffs

v.                              Civil Action No.: 2:05-0274
                              (Lead Case)

PROVIDENCE HEALTHCARE RISK
MANAGERS, LLC and
BMS CONSULTING, INC. and
BENEFIT MARKETING

    Defendants

CHARLES LARUE

    Plaintiff

v.                              Civil Action No.: 2:05-0275
                              (Consolidated Case)

PROVIDENCE HEALTHCARE RISK
MANAGERS, LLC and
BMS CONSULTING, INC. and
BENEFIT MARKETING

    Defendants

CHARLES WILLIAMS

    Plaintiff

v.                              Civil Action No.: 2:05-0276
                              (Consolidated Case)

PROVIDENCE HEALTHCARE RISK
MANAGERS, LLC and
BMS CONSULTING, INC. and
BENEFIT MARKETING

    Defendants

**RANDY LANHAM**

      **Plaintiff**

**v.**                                    **Civil Action No.: 2:05-0277**
                                           **(Consolidated Case)**

**PROVIDENCE HEALTHCARE RISK**
**MANAGERS, LLC and**
**BMS CONSULTING, INC. and**
**BENEFIT MARKETING**

      **Defendants**

## MEMORANDUM OPINION AND ORDER

      On April 1, 2005, these civil actions were removed. The cases appear very similar.  The court, accordingly, examines whether the cases are properly consolidated pursuant to Rule 42(a), Federal Rules of Civil Procedure.  Rule 42(a) provides as follows:

> (a) Consolidation. When actions involving a common
> question of law or fact are pending before the court,
> it may order . . . all the actions consolidated; and it
> may make such orders concerning proceedings therein as
> may tend to avoid unnecessary costs or delay.

Fed. R. Civ. Proc. 42(a).

      Our court of appeals has accorded the district courts a wide berth on questions arising under Rule 42(a), recognizing the superiority of the trial court in determining how best to structure similar pieces of litigation.  See A/S J. Ludwig

<u>Mowinckles Rederi v. Tidewater Const. Co.</u>, 559 F.2d 928, 933 (4th Cir. 1977) ("District courts have broad discretion under F.R.Civ.P. 42(a) to consolidate causes pending in the same district.") Nevertheless, the court of appeals has also provided guidelines for district courts engaging in the discretionary exercise.  <u>See</u> <u>Arnold v. Eastern Air Lines, Inc.</u>, 681 F.2d 186, 193 (4th Cir. 1982):

> The critical question for the district court in the final analysis was whether the specific risks of prejudice and possible confusion were overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

<u>Id.</u> at 193.

        Although there are often risks of confusion and prejudice attendant to a consolidation, the potential for inconsistent adjudications is an overriding concern here.  The plaintiffs (1) plead the same four claims against the same defendants, (2) rely upon similar sources of proof, (3) allege a pattern of nearly identical misconduct, and (4) face the same defenses.  Under these circumstances, consolidation is certainly appropriate.  <u>Harris v. L & L Wings, Inc.</u>, 132 F.3d 978, 982 (4th Cir. 1997) ("These claims, brought against the same defendant,

3

relying on the same witnesses, alleging the same misconduct, and answered with the same defenses, clearly meet th[e] [Rule 42(a)] standard.").

The court is unaware of any significant burden consolidation might visit upon the parties, witnesses, or available judicial resources.  Each of those entities and court resources, however, would certainly be impacted negatively by separate actions.  For example, the witnesses would be troubled with providing testimony or other proof for four separate, and substantially identical, cases.   The length of time required to resolve all of these actions separately also militates strongly in favor of consolidation, as does the fact consolidation will likely result in economies of scale that will reduce the relative expense to all concerned.

Based upon the foregoing, consolidation is appropriate. The court, accordingly, ORDERS the above-styled civil actions consolidated.  The Sylvester action is designated as the lead case.  All further filings shall be captioned and docketed using the Sylvester style and case number.

4

The Clerk is directed to forward copies of this written opinion and order to all counsel of record.

DATED:  April 18, 2005

John T. Copenhaver, Jr.
United States District Judge